JASON E. TURNER, No. 160590
J. TURNER LAW GROUP
823 Anchorage Place
Chula Vista, CA 91915
Ph: (619) 684-4005

Attorney for Debtor and Plaintiff
Cynthia Lee Holiday

# UNITED STATES BANKRUPTCY COURT

## Northern District of California

## San Jose Division

| | |
|---|---|
| In Re:<br>CYNTHIA LEE HOLIDAY<br><br>_____Debtor_____<br>CYNTHIA HOLLIDAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS INC.,<br><br>Defendants. | Chapter 13<br><br>Bankruptcy No. 08-52446-ASW<br><br>Adversary Case No.<br><br><u>COMPLAINT FOR DAMAGES</u><br><br>Date: See Summons<br><br>Jury is demanded |

<u>COMPLAINT FOR DAMAGES</u>

Comes now plaintiff CYNTHIA HOLIDAY, through her counsel Jason E. Turner, Esq., who states as follows:

1.     CYNTHIA HOLIDAY, who is the Debtor in possession in the related chapter 13 bankruptcy case and the Plaintiff in this adversary proceeding.  She is also the owner of record of that certain real property located at 73-75 North First Street, Campbell, California, the legal

Complaint For Damages- 1

description of which is attached hereto as Exhibit A and incorporated herein. Plaintiff is a consumer, as that term is defined by 15 U.S.C Section 1602(h).

2. COUNTRYWIDE HOME LOANS INC. (Countrywide Home Loans) was, at the time of the filing of this petition, the creditor enforcing the terms of the loan owed by Plaintiff, which loan is secured by the Property. This is the most senior lien on the Property (after the County of Santa Clara's existing lien for payment of property taxes). Countrywide Home Loans engages in the practice of securitization of conventional federally related mortgage loans that are sold onto the secondary mortgage market, through which Countrywide Home Loans accepts assignments from a special purpose vehicle ("SPV") and from noteholders, the true owners with undivided interests in a mortgage pool. Through its authority under these agreements, Countrywide Home Loans filed a proof of claim and/or filed a motion for relief from the automatic stay in order to enforce the subject loan against the estate and against Plaintiff. BANK OF AMERICA has acquired Countrywide Home Loans; Plaintiff is informed and believes, and thereon alleges, that Bank of America is the successor to all of Countrywide Home Loans' rights and responsibilities under the subject loan.

3. Countrywide Home Loans has filed several proofs of claim in Plaintiff's chapter 13 case. Pursuant to its most recent proof of claim, filed on March 16, 2009, Countrywide Home Loans claims that its allowable secured claim is $710,391.22.

4. This case falls under the jurisdiction of this Court pursuant to 28 U.S.C. Section 157. This is a core proceeding, as this proceeding involves a counterclaim against persons filing claims against the estate, as well as the adjustment of the debtor-creditor relationship.

5. In or about November, 2005, Plaintiff applied for and obtained the subject loan from America's Wholesale Lender. The purpose of the loan was to refinance a prior home loan

Complaint For Damages- 2
Case: 09-05218    Doc# 1    Filed: 08/25/09    Entered: 08/25/09 11:07:27    Page 2 of 5

secured by the Property. At the time, the Property was Plaintiff's personal residence. The subject loan was for personal or household purposes, as those terms are defined by 15 U.S.C. Section 1602.

6. Plaintiff is informed and believes, and thereon alleges, that America's Wholesale Lender was, at all relevant times, a creditor, as that term is defined by 15 U.S.C. Section 1602(f) and Regulation Z Section 226.2(a)(17) and was regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement.

7. The consummation of the subject loan and the closing of escrow on the transaction was supposed to take place on Thursday, November 10, 2005. On or just prior to November 10, 2005, America's Wholesale Lender, through its agent, delivered the promissory note, deed of trust, and certain loan disclosure statements to Plaintiff for signature. America's Wholesale Lender's agent instructed Plaintiff to sign all documents by November 10th. However, because no notary public was present at the escrow office when Plaintiff arrived to sign all documents, she was instructed to sign the notary public's logbook and take all the loan documents home to sign over the weekend. Plaintiff signed the notary's logbook and took all the documents home. She signed and returned all the documents to the escrow office on Monday, November 14, 2005. She was instructed to date all documents with the date of November 10, 2005, presumably for purposes of compliance with the three-day right of rescission under 15 U.S.C. Section .

8. When Plaintiff left the escrow office, no one provided her with a full set of copies of the loan note, deed of trust, or any of the disclosure statements that are required under the federal Truth-in-Lending Act or California law. America's Wholesale Lender never subsequently provided Plaintiff with copies of any of the above-described loan papers.

9. This lack of delivery of TILA disclosures by America's Wholesale Lender constituted a violation of the Truth-in-Lending Act and Regulation Z Section 226.23(a)(3) (12 C.F.R. Section 226.23(a)(3).

10. In early 2008, Countrywide Home Loans, through the trustee on the deed of trust recorded against the Property, initiated foreclosure proceedings against Plaintiff and the Property. A Notice of Default and Election to Sell and a Notice of Trustee's Sale were issued and recorded by the trustee.

11. Plaintiff recently obtained copies of the loan papers, including the Truth-in-Lending disclosure statement and the description of finance charges and amount financed. The TILA disclosure statement improperly excludes more than $500 in closing costs in the finance charge. On the basis of this exclusion and other errors, the finance charge is understated by more than $1,000. This exceeds the tolerance of $35 permitted under 15 U.S.C. Section 1635(i)(2) and federal Regulation Z Section 226.23(h)(2)(i) in cases involving a covered loan for which the creditor has initiated foreclosure proceedings.

12. At any time in a bankruptcy or other action involving a creditor's attempt to enforce and collect a debt, a debtor may raise recoupment as a defense. Under Reiter v. Cooper, (1993) 113 S.Ct. 1213, 1218 and Bull v. United States, (1935) 295 US. 247, 262, recoupment is available if it raises a demand arising from the same transaction or set of facts upon which the creditor's claim is based.

13. Plaintiff has paid more than $99,000 in payments to Countrywide Home Loans or Bank of America since the inception of the subject loan in 2005.

14. Pursuant to 15 U.S.C. Section 1640(a)(3), a consumer successfully bringing an action against a creditor to enforce Truth-In-Lending monetary liability is entitled to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

1. For actual damages in an amount to be established at trial according to proof, including at least the $99,000 paid by plaintiff to defendants;

2. For Plaintiff's reasonable attorney's fees and legal costs; and

3. For such other and further relief as the Court may deem proper.

Dated: August 24, 2009                    J. TURNER LAW GROUP

                                          By:    /s/ Jason E. Turner
                                                 Jason E. Turner, Esq., Attorney for
                                                 Plaintiff Cynthia Holiday